1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Erskine ATKINS, Defendant-Appellant.
 No. 92-10420.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1993.
Decided July 28, 1993.
 
 MEMORANDUM*
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 Erskine Atkins appeals the district court's denial of his motion to reopen a pretrial suppression hearing. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1988), and we affirm in part, vacate in part, and remand for further proceedings.
 
 
 2
 After the close of the suppression hearing, but prior to trial, the government disclosed the existence of a videotape which contained a record of the events surrounding Atkins's interrogation in the Excalibur casino's security office. Atkins made a motion to reopen the suppression hearing because he contended (1) the videotape provided evidence showing the statements he made to casino personnel prior to receiving his Miranda warnings were coerced, and (2) the newly-discovered videotape called into question the credibility of Special Agent Weiss, the only government witness at the suppression hearing. After viewing the videotape, the district court denied Atkins's motion to reopen. We review the district court's denial of Atkins's motion to reopen the suppression hearing for an abuse of discretion. United States v. Buffington, 815 F.2d 1292, 1298 (9th Cir.1987); United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir.1984), cert. denied, 471 U.S. 1019 (1985).
 
 
 3
 * Atkins contends the videotape reveals evidence showing that coercion of his pre-Miranda statements tainted his post-Miranda statements. The Supreme Court has held "that a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda warnings." Oregon v. Elstad, 470 U.S. 298, 318 (1985). To determine the admissibility of Atkins's statements made after he received his Miranda warnings, the district court "should look first to determine whether the statement made by a defendant before the Miranda warning was actually coerced in violation of the fifth amendment." United States v. Wauneka, 770 F.2d 1434, 1440 (9th Cir.1985). "If ... the prior statement was voluntary in the sense it was not coerced in violation of the fifth amendment, ... the court should suppress the statement given after the Miranda warning only if the court finds that the subsequent statement was not voluntarily made." Id.
 
 
 4
 Here, the district court viewed the entire videotape and concluded it did not reveal any facts to support Atkins's claim that his statements made to casino personnel prior to receiving his Miranda warnings were coerced. Specifically, the court noted (1) the casino personnel were "not abusive to [Atkins] either in their language or in the questions that were asked to him," and (2) "there was no meaningful interrogation until after the Miranda rights were read to him." Also, the district court observed nothing in the tape contradicting the court's earlier conclusion that Atkins's post-Miranda statements were voluntary. Furthermore, Atkins fails to point us to any part of the videotape that contradicts the district court's conclusions.
 
 
 5
 We conclude the district court properly and adequately examined the videotape and found no evidence on the tape to support Atkins's argument that his pre-Miranda statements were coerced. Therefore, we hold the district court did not abuse its discretion by refusing to reopen the suppression hearing on the issue of taint.
 
 II
 
 6
 Atkins also argues the district court was required to grant his motion to reopen the suppression hearing because the videotape calls into question the credibility of Special Agent Weiss. Although the district court focused its attention on Atkins's argument concerning taint, we conclude Atkins sufficiently raised this second argument before the district court.
 
 
 7
 We also note that the district court's decision not to reopen the suppression hearing had the effect of "reaffirming" a credibility determination as to Weiss which it had not personally made, and which may be influenced by what the videotape disclosed. In denying Atkins's original motion to suppress, the district court stated:
 
 
 8
 [T]his case turns on the credibility of the testimony given at the evidentiary hearing. If Agent Weiss testified truthfully, then ... Atkins's statement was not involuntary. The magistrate's report and recommendation necessarily implies that he believed Weiss' testimony and disbelieved Atkins. After reviewing a recording of the hearing, the court is also persuaded that Agent Weiss' testimony was more credible than that of Atkins. Therefore, Magistrate Johnson's recommendation will be followed.
 
 
 9
 The videotape reveals that parts of Weiss's testimony at the suppression hearing may not have been accurate. Arguable inconsistencies involve whether Weiss Mirandized Atkins at the Excalibur casino, whether Weiss spoke with Excalibur personnel before speaking with Atkins, whether Weiss knew of previous confessions by Atkins, and the length of time Atkins spent in the Excalibur security office.
 
 
 10
 Granting a motion to reopen a suppression hearing is appropriate where there is new evidence relevant to the issue of suppression. See United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir.1984) (reopening of suppression hearing is proper "if the record reveals matters" which affect the suppression determination), cert. denied, 471 U.S. 1019 (1985); United States v. Tzakis, 736 F.2d 867, 872 (2d Cir.1984) (upholding denial of motion to reopen "[i]n the absence of any further factual developments"). Because the new evidence in this case went to the heart of the magistrate judge's credibility determination underlying the denial of Atkins's suppression motion, the district court should have reopened to consider Weiss's credibility in light of the newly-discovered evidence.
 
 
 11
 If an error results in the admission of an involuntary confession, we are required to determine whether that error was harmless beyond a reasonable doubt. Arizona v. Fulminante, 111 S.Ct. 1246, 1264-66 (1991) (Rehnquist, C.J., delivering the opinion of the court as to the harmless error issue). The evidence supporting Atkins's conviction on Count One of the indictment, regarding credit card fraud in obtaining a cash advance at the Excalibur casino, included eyewitness identifications by the cash advance representative and by the Excalibur security officer and gardener who apprehended Atkins. There also was testimony that Atkins presented a fraudulent credit card and driver's license to obtain the cash advance. In view of this evidence, any improper admission of Atkins's confession was harmless beyond a reasonable doubt as to Count One.
 
 
 12
 As to Counts Two, Three, and Four, concerning similar offenses at other casinos, however, there was no direct evidence at trial that Atkins was the person who committed the offenses. Because we cannot say that any improper admission of Atkins's confession as to those counts was harmless beyond a reasonable doubt, we must vacate Atkins's convictions on Counts Two, Three, and Four, and remand the case so that the district court may reopen the suppression hearing.[1] If the district court's determination of admissibility remains the same, the court may reinstate the judgments of conviction on Counts Two, Three, and Four. United States v. Bernal-Obeso, 989 F.2d 331, 336-37 (9th Cir.1993); United States v. Moreno, 891 F.2d 247, 250 (9th Cir.1989); United States v. Kiser, 716 F.2d 1268, 1274 (9th Cir.1983).[2] This panel retains appellate jurisdiction over this matter.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although we hold that the single issue of credibility requires the district court to reopen the voluntariness hearing, on remand, the district court may allow the parties to address other issues relating to voluntariness
 
 
 [2]
 Atkins does not challenge his guilty plea on Count Five, regarding failure to appear